FILED
HARRISBURG, PA

APR 3 0 2008

MARY E. D'ANDREA, CLERK
Per _____
                Deputy Clerk

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

LAMONT AUSTIN,

    Defendant.

Case No. 1:CR-01-00291-002

MOTION FOR SENTENCE REDUCTION PURSUANT TO 3582 (C)(2) AND §1B1.10

---

COMES Now, Lamont Austin, (Defendant) herein and files this it's "Motion For Sentence Reduction Pursuant To 3582 (C)(2) And §1B1.10" and shows this Honorable Court the following:

The Defendant was charged with Possession With Intent To Manufacture and Distribute Cocaine Base and in violation of federal drug laws. Subsequently, the Defendant was sentenced to 240 months of incarceration.

In a most recent decision, federal judges are no longer bound by 100:1 Crack/Powder sentencing ratio. The U.S. Supreme Court issued opinions in a pair of cases December 10, 2007 that now indicate that

---

Notably, there have been concerns with the most recent change as to the 706-711 new crack amendment that does not affect "Career Criminal Status" pursuant to the National Sentencing Commission's most recent change. The Defendant will address that issue in turn

1

its decision in <u>United States v. Booker</u> 543 U.S. 220 76 CrL 251 (2005), countenances a greater degree of disparity in federal sentences than most circuit courts had believed.

One of the components of the Sentencing Reform Act that was left intact by <u>Booker</u> is the so called "Parsimony provision" which direct district judges to impose sentences that are "sufficient, but not greater than necessary" to accompolish the general sentencing goals set out in the statue.

Under 3553(a) factors a Judge has the discretion to consider a sentence within the guidelines, outide the guidelines, significant, or harsh and as stipulated more fully in United States v. Gall the Supreme Court most recent decision.

In <u>United States v. Gall</u> the Court held that the National Sentencing Commission <u>notified</u> Congress in 1995 and 1997 about the harsh sentencing factors with Crack/Powder disparity.

Here in this case, the facts are undisputed and relatively simple. The Defendant was charged with "<u>Cocaine Base</u>". Moreover, was convicted before this Court in May 2003.

<u>When <u>Booker</u> opinion was announced, many prisoners whose sentences had been unconstitutionally increased by Judges never had the opportunity to have their sentences reviewed, because the rule was not retroactive.</u>

In this instant case matter, the Defendant respectfully request that this Court aleast give him the benefit of a hearing because of the greater degree of disparity in his federal sentence with Crack/Powder. The record is borne out by the facts, and a genuine issue of fact needs to be clarified as to "<u>Career Criminal Status</u>"

2

Specifically, "Austin" is entitled to the 2 point reduction as recently declared retroactive by the U.S. Sentencing Commission's most recent decision and or the afforded right to a hearing to simply clarify the facts.

To accompolish the general sentencing goals, it requires Judges to consider the sentence recommended by the guidelines along with the factors including the nature and circumstances.

In determining prejudice, the key factor in taking in account is that 1) the outcome of the case would be different 2) mitigating circustances.

Finally, it is clear, that the National Sentencing Commission made every effort and attempt to ask Congress to change the Crack/ Powder disparity, but that change never took place. As a result, the Defendant ("Austin") was adversely affected by the fact his criminal history score and Base Offense Level ("BOL") was erroneously assessed caused prejudice in his case. There is not a thread of evidence in the record, to support any such finding that the Crack/Powder disparity should apply any differently but to the defendants affected in whole.

To simply clarify the record, the defendant is requesting in the alternative that he does not received the 2 point reduction that he be afforded a timely hearing in accordance to Booker (emphasis added).

The Defendant does not request appointment of counsel and relies upon this Honorable Court to determine the findings of fact and conslusion of law in this instant case matter.

## CONCLUSION

If the government takes issue with these facts, than the Defendant has the right to request a hearing on this issue.

WHEREFORE, the Defendant respectfully request that this Honorable Court reduce his sentence ("2 Points") and or grant a hearing (pursuant to Booker).

This __23__ day of __April__, 2008.


BY: _____
       Lamont Austin


P.O. Box 2000
White Deer, PA 17887-2000

CERTIFICATE OF SERVICE

I have this day deposited a true copy of the same "Motion For Sentence Reduction Pursuant To 3582(c)(2) And §1B1.10" into the United States mail with adequate postage attached thereon to:

>Mr. William A Behe
>Assistant U.S. Attorney
>United States Attorney Office
>Federal Building
>228 Walnut Street
>Harrisburg, PA 17108

This __23__ day of __April__, 2008.

BY: _____
    Lamont Austin

P.O. Box 2000
White Deer, PA 17887-2000

5

