IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:01-CR-00291-02 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| LAMONT AUSTIN | : | (Electronically Filed) |

SUPPLEMENT TO DEFENDANT'S PRO SE MOTION
FOR RELIEF UNDER 18 U.S.C. § 3582(c)

AND NOW comes Lamont Austin, by his attorney, Thomas A. Thornton, of the Federal Public Defenders Office, and files this Supplement to Defendant's Pro Se Motion for Relief Under 18 U.S.C. § 3582(c). In support thereof, it is averred as follows:

1.      On September 5, 2001, a Grand Jury sitting in the Middle District of Pennsylvania returned a one count Indictment charging Lamont Austin with drug trafficking.  Specifically the distribution and possession with the intent to distribute cocaine base a/k/a "crack."

2.   Lamont Austin appeared before this Honorable Court on September 12, 2002 and entered a plea of guilty to Count One of a Superseding Indictment charging distribution and possession with the intent to distribute cocaine base.

3.   The Court ordered the preparation of a presentence report.

4.   The 2002 edition of the United States Sentencing Guidelines Manual was used to calculate Lamont Austin's sentencing guideline range.

5.   The presentence report provides that Lamont Austin was accountable for between 50 and 150 grams of cocaine base.

6.   The presentence report listed the base offense level as 32. The offense level was increased by two levels for possession of a weapon. This resulted in a final offense level of 34.

7.   Lamont Austin was assigned a criminal history category of VI, because he was found to be a career offender. However, the drug guideline level (34) exceeded the career offender level (32).

8.   Lamont Austin's sentencing guideline range was 262-327, but his sentence was capped at 240 months.

9.   Mr. Austin was not given credit for acceptance of responsibility.

10.  On May 29, 2003, this Honorable Court sentenced Lamont Austin to a term of imprisonment of 240.  This was the maximum sentence available under the plea agreement.

11.  Lamont Austin is serving this sentence at FCI Allenwood.

12.  Lamont Austin's projected release date is July 11, 2019.

13.  On November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table and reduced the offense level for an offense involving at least 50 grams but less than 150 grams of cocaine base by 2 levels to a level 30. (Amendment 706).

14.     On December 12, 2007, the United States Sentencing Commission announced its decision to apply the amendments to the crack guidelines retroactively effective March 3, 2008 and listed Amendment 706 in the new U.S.S.G. § 1B1.10 (c).

15.     Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . ."

16.     Under the retroactive application of the amendment to the sentencing guidelines, Lamont Austin's base offense level is 28 and, with a 2 level increase for possession of a weapon, the total offense level is 32.

17.     An offense level of 32 and a criminal history category of VI results in a now advisory guideline imprisonment range of 210 to 240 months.

18.     A sentence at the new bottom of the guideline range results in a sentence of 210 months.

19.     Because Lamont Austin had been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, he moves this Honorable Court to reduce the term of imprisonment in accordance with 18 U.S.C. § 3582(c)(2).

20.     Defense counsel has communicated with Assistant United States Attorney William A. Behe who indicated that he would be filing a separate response .

   WHEREFORE, it is respectfully requested that this Honorable Court grant the foregoing Motion for Relief Under 18 U.S.C. § 3582(c).

                                   Respectfully submitted,

Date:  May 23, 2008                /s/ Thomas A. Thornton
                                   THOMAS A. THORNTON, ESQUIRE
                                   Federal Public Defender
                                   Attorney ID #PA44208
                                   100 Chestnut Street, Suite 306
                                   Harrisburg, PA 17101
                                   Tel. No. (717) 782-2237
                                   Fax No. (717) 782-3881
                                   <Thomas A. Thornton@fd.org>
                                   Attorney for Lamont Austin

# CERTIFICATE OF SERVICE

I, Thomas A. Thornton, Federal Public Defender for the Middle District of Pennsylvania, do hereby certify that I served a copy of the foregoing **SUPPLEMENT TO DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)(2),** via Electronic Case Filing, or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

Martin C. Carlson, Esquire

William A. Behe, Esquire

Drew Thompson

Lamont Austin



Date: May 23, 2008

/s/ *Thomas A. Thornton*
THOMAS A. THORNTON, ESQUIRE
Federal Public Defender
Attorney ID #PA44208
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
<Thomas A. Thornton@fd.org>
*Attorney for Lamont Austin*