```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
        Plaintiff
                                :

        vs.                     :   CRIMINAL NO.  1:CR-01-291-02

                                :
LAMONT AUSTIN,
        Defendant               :
```

*M E M O R A N D U M*

I.  *Introduction*

       Defendant, Lamont Austin, has filed a pro se motion for reduction of his 240-month sentence under 18 U.S.C. § 3582(c) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels. He has also requested resentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to take into account the disparity between crack cocaine and powder cocaine. The Federal Public Defender was later appointed to represent Defendant and has filed a sentencing memorandum on his behalf focusing on the effect of Amendment 706. The government has filed a response to the motion acknowledging that Defendant may be entitled to some relief, but opposing any reduction below the low end of the amended guideline range.

II.  *Background*

On September 10, 2002, Defendant executed a written plea agreement in which he agreed to plead guilty to a superseding information charging him with the distribution, and possession with intent to distribute, crack cocaine. The plea agreement specified that the statutory maximum sentence for the offense would be 20 years (240 months). (Plea agreement ¶ 1). *See* 21 U.S.C. § 841(b)(1)(c). The superseding information was filed on September 11, 2002, and Defendant pled guilty the next day.

At sentencing on May 29, 2003, the court determined that Defendant was responsible for at least fifty grams but less than 150 grams of crack cocaine, establishing a base offense level of 32 under U.S.S.G. § 2D1.1(c). The base offense level was increased by two levels under U.S.S.G. § 2D1.1(b)(1) for the involvement of a firearm in the offense, resulting in a total offense level of 34. Defendant's criminal history category was VI. Defendant's guideline range was therefore 262 to 327 months. However, Defendant's sentence could not exceed 240 months, the statutory maximum for the offense to which he pled guilty. See U.S.S.G. § 5G1.1(a).

The probation office's addendum to the PSR calculates Defendant's amended guideline range under Amendment 706. His base offense level for his drug quantity is reduced from 32 to 30, in accord with the amendment's modification of section 2D1.1(c). With all the other guidelines applications remaining unaffected, this

gives Defendant a total offense level of 32. Combined with the same criminal history category of VI, the resulting guideline is 210 to 262 months. However, because of the statutory maximum, the amended guideline range is 210 to 240 months.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment

listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

*Id.*, § 1B1.10(b)(1). The court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." *Id.*, § 1B1.10(b)(2)(A).

Defendant is eligible for a reduction. As noted above, Amendment 706 has lowered his applicable guideline range from the statutory maximum sentence of 240 months to 210 to 240 months. Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, the court has considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in Defendant's term of imprisonment, Defendant's postconviction conduct, and the factors set forth in 18 U.S.C. § 3553(a). Based

4

on the same, the court decides that a reduction in Defendant's term of imprisonment by twelve months should be granted.

Defendant has also requested resentencing under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *and Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In doing so, Defendant says we should take into account the sentencing disparity between crack and powder cocaine.

We cannot grant relief under *Booker*. A motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. *See United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002); *United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam)(nonprecedential). *Booker* and later, similar cases have no impact on this rule because they say nothing about "the congressional directive on whether a sentence could be reduced based on subsequent changes in the Guidelines." *United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008). *See also United States v. Wright*, No. 93-CR-386, 2008 WL 2265272, at *1 (E.D. Pa. June 3, 2008); *United States v. Cruz*, No. 02-CR-0725, 2008 WL 539216, at *4 (E.D.N.Y. Feb. 27, 2008). *But see United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007).

5

     We will issue an appropriate order.

                                      /s/William W. Caldwell
                                      William W. Caldwell
                                      United States District Judge

Date: June 11, 2008

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
         Plaintiff
                                :

         vs.                    :   CRIMINAL NO.  1:CR-01-291-02

                                :
LAMONT AUSTIN,
         Defendant              :
```

*O R D E R*

AND NOW, this 11th day of June, 2008, it is ORDERED that:

    1.  Defendant's motion (doc. 106) under 18 U.S.C. § 3582(c)(2) is granted as follows.

    2.  Pursuant to 18 U.S.C. § 3582(c)(2), Defendant's previously imposed sentence of 240 months (imposed on May 29, 2003) is reduced to a sentence of 228 months.

    3.  Except as provided herein, all provisions of the judgment of May 29, 2003, shall remain in effect.

                                             /s/William W. Caldwell
                                             William W. Caldwell
                                             United States District Judge